# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| **JOE NATHAN REID,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action Number |
| ) | **1:12-cv-00923-LSC-JEO** |
| **WARDEN JOHN T. RATHMAN,** ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

Petitioner Joe Nathan Reid filed the current habeas corpus petition pursuant to 28 U.S.C. § 2241 on March 22, 2012. (Doc. 1).[1] In his petition, he challenges the loss of 40 days of Good Conduct Time ("GCT") because he alleges that his due process rights were violated when federal officials "did not have any reliable information" to support an Incident Report ("IR") against him.[2] (*Id.* at 1). Respondent argues that the petition is due to be dismissed because Reid's due process rights were not violated and because there was sufficient evidence to support a finding of guilt against Reid. (Doc. 4 at 6, 7, and 9). Upon consideration, the undersigned finds that the petition is due to be dismissed.[3]

## BACKGROUND

This case arose from the disciplinary proceedings addressing Reid's possession of a weapon. At the time of the incident in question, Reid was serving a 170-month sentence at FCI

---

[1] References herein to "Doc. ____" are to the numbers assigned each document by the Clerk of the Court.

[2] Petitioner was charged with a possession of a weapon violation.

[3] Petitioner was initially given until July 29, 2012, to file his reply. (Doc. 5 and Docket Entry dated May 17, 2012). However, he filed his reply on June 1, 2012. (Doc. 7).

Talladega for a carjacking by force conviction in violation of 18 U.S.C. § 2119.[4]  (Doc. 1 at 1; Doc. 6).  On June 30, 2011, Reid received a discipline report for possessing a dangerous weapon, code 104.  (Doc. 4-3 at ¶ 3).  At a hearing before the Discipline Hearing Officer ("DHO") on July 11, 2011, Reid was sanctioned to, among other things, disallowance of 40 days GCT.  (*Id.* at ¶¶ 5–6).  Reid properly appealed this decision to both the Regional and Central Offices.  (*Reid v. Rathman*, 1:12-cv-00206-AKK-JEO).[5]  His appeal to the Central Office is still pending.  However, the appeal is considered exhausted because the time for an answer by the Central office has now passed.[6]  (*Id.*)

In the current petition, Reid alleges that his due process rights were violated when the Federal Bureau of Prisons unlawfully revoked his good time.  (Doc. 1-1 at 1).  Specifically, Reid finds fault with the following: (1) "the federal officials did not have any reliable information" but instead used three officers' memoranda; (2) three inmates lived in the cell where the weapon was found, but he was the only one charged; and (3) the Federal Bureau of Prisons did not have a confidential informant and the Disciplinary Hearing Officer (DHO) relied on the three officers' memorandums, creating "a material issue of fact."  (*Id.* at 1-2).

## DISCUSSION

The question before the court is whether Reid's due process rights were violated during the disciplinary process.  There is no question that prisoners have a protected liberty interest in

---

[4] Since the petition was filed, Reid has been released and is currently serving the remainder of his sentence on supervised release.

[5] While Reid's appeal to the Central Office was still pending, he filed his first habeas petition, *Reid v. Rathman*, 1:12-cv-00206-AKK-JEO, but it was dismissed for failure to exhaust administrative remedies.

[6] The exhaustion of this appeal is not contested by the respondent. (Doc. 4 at 6) ("we consider this appeal exhausted").

GCT, thus requiring procedural due process in a disciplinary hearing. *Wolff v. McDonnell*, 418 U.S. 539, 555-57 (1974). The requirements for due process at a disciplinary hearing include: "(1) advance written notice of the charges against them; (2) an opportunity ... to call witnesses and present documentary evidence, so long as doing so is consistent with institutional safety and correctional goals; and (3) a written statement by the factfinder outlining the evidence relied on and the reasons for the disciplinary action." *O'Bryant v. Finch*, 637 F.3d 1207, 1213 (11th Cir. 2011) (citing *Wolff*, 418 U.S. at 563-67).

Further, the Supreme Court has established that due process "requires only that there be some evidence to support the findings made in the disciplinary hearing." *Superintendent, Mass. Corr. Institution v. Hill*, 472 U.S. 445, 457 (1985). In other words, there is "[n]o de novo review of the disciplinary board's factual finding," rather, the court "must consider whether at least the decision is supported by 'some facts'—'whether any evidence at all' supports the action taken by the prison officials." *Young v. Jones*, 37 F.3d 1457, 1460 (11th Cir. 1994) (internal citations omitted). "Ascertaining whether this [due process] standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence." *Hill*, 472 U.S. at 455.

Here, Reid argues that his due process rights were violated because the federal officials did not have reliable information and the hearing officer relied solely on the memoranda of the three officers who found the weapon. (Doc. 1-1 at 1). Reid does not allege that any of the due process requirements outlined in *Wolff* were violated. Thus, the proper question before the court is whether there is "any evidence at all" to support the hearing officer's decision.

The DHO, Esther Slater, relied on the written report made by the staff who searched

Reid's cell and found the weapon in his mattress. (Doc. 4-3 at ¶ 5). That report, written by Officer K. Bolt, stated that on June 30, 2011, he and two other officers were performing a cell search of cell 08-011 when he found a homemade weapon with bedding tied around it deep in Reid's mattress. (Doc. 4-2 at 2). Officer Bolt also stated that Reid's two cellmates denied that the weapon was theirs. (*Id.*) Slater also relied on the photograph of the weapon, (*id.* at 6), Officer J. Hare's memorandum stating that he was outside the cell while the search was conducted and the weapon was found, (*id.* at 5), and Officer Chappell's memorandum stating that he was in the cell with another officer conducting a search when they found the weapon in Reid's mattress, (*id.* at 4). (Doc. 4-3 at ¶ 5). When asked about the weapon, Reid stated that it was a set-up and that someone else must have planted it in his mattress. (Doc. 4-2 at 2). However, Slater notes that "Reid could not identify who put the weapon in his cell or explain why someone would do this to him." (Doc. 4-3 at 5). Slater also explains the policy that it is the inmate's "responsibility to maintain a contraband free area, and that he is held accountable for any and all contraband on his person or under his domain." (*Id.*) For these reasons, Slater found greater weight in the officers' memoranda than in Reid's statement that someone else must have put the weapon in his mattress. (*Id.*)

It is clear that Slater's decision was supported by "some facts." It is undeniable that the testimony of three officers combined with the other evidence is sufficient to satisfy due process.[7] *See Hill* 472 U.S. at 456-57 (finding that a disciplinary panel satisfied due process requirements

---

[7] Reid complains that his GCT should not have been revoked because there were three inmates living in the cell and he was the only one charged and because there was no confidential informant to inform officers of the weapon. (Doc. 1-1 at 1–2). However, the proper inquiry is only whether there is some evidence to support the finding made at the disciplinary hearing. *Hill*, 472 U.S. at 457.

when punishing a prisoner based on testimony and a written report by a prison guard).

## CONCLUSION

Having found no due process violation, the court further finds that the petition for a writ of habeas corpus is due to be dismissed with prejudice. An appropriate order will be entered.

Done this 20th day of July 2012.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
167458